COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 RUBEN VALENZUELA GARAY,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-01-00336-CR
  
 Appeal from the
  
 205th District Court
  
 of El Paso County, Texas 
  
 (TC# 20000D03487)
  
 
 


O P I N I O N

 

Appellant Ruben Valenzuela Garay (AValenzuela@) appeals from his conviction for
recklessly causing serious bodily injury to a child and causing serious bodily
injury to a child by criminal negligence. 
We affirm the conviction.

Facts








Valenzuela challenges his conviction
in a single issue.  He alleges that his
conviction should be reversed and this cause remanded for a new trial because
the trial court denied his oral motion for continuance.  The oral motion was made in the middle of
voir dire when defense counsel learned that Valenzuela=s only expert on medical matters had
refused to come to testify on his behalf. 
No written motion for continuance with regard to this issue was filed
with the trial court.

Valenzuela was indicted on August 1,
2000 for an incident that occurred on August 20, 1997.  His case was previously continued on three
occasions for reasons unrelated to the expert witness problem.  Indeed, prior to his trial in August 2001,
the trial court granted a continuance three months earlier in May 2001.  It was in this context that the trial court
entertained Valenzuela=s oral motion.

In response to Valenzuela=s motion, the trial court
acknowledged that the case was of a sensitive nature, that three prior
continuances had been granted, that jury selection had begun, and that all
other witnesses were available and ready for trial.  After weighing these factors, the trial court
offered defense counsel the opportunity of one day recess before the start of
trial to find another expert to testify on Valenzuela=s behalf.

After the close of all evidence and
prior to the charge being read to the jury, defense counsel made a bill of
exception which included testimony from Valenzuela that he was indigent and
could not afford to pay an expert for his testimony.  On August 17, 2001, Valenzuela was convicted
on two counts of injury to a child.

On August 22, 2001, Valenzuela filed
a motion for new trial alleging three grounds. 
First, that he should be granted a new trial in the interest of justice,
second, that the evidence was insufficient to support the conviction, and
third, that he was denied his right to an expert to assist in his defense.  On the same day, Valenzuela filed a notice of
appeal.








No
written motion for continuance

Article 29.03 of the Texas Code of
Criminal Procedure requires that a motion for continuance must be made in
writing.  Tex. Code Crim. Proc. Ann. art. 29.03 (Vernon 1989).  The Code also mandates specific information
be included in the motion of continuance, much of which was not provided by
defense counsel in either written or oral form. 
See Tex. Code Crim. Proc.
Ann. art. 29.06-29.08, 29.13 (Vernon 1989).  There is no dispute in this case that a sworn
written motion for continuance based on the unexpected withdrawal of Valenzuela=s expert from the case was never
filed.

A motion for continuance not in
writing and not sworn preserves nothing for review.  Dewberry v. State, 4 S.W.3d 735, 755
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000); see
Matamoros v. State, 901 S.W.2d 470, 478 (Tex. Crim. App. 1995);   Montoya v. State, 810 S.W.2d 160, 176
(Tex. Crim. App. 1989), cert. denied, 502 U.S. 961, 112 S.Ct. 426, 116
L.Ed.2d 446 (1991); Smith v. State, 676 S.W.2d 379, 385 (Tex. Crim. App.
1984), cert. denied, 471 U.S. 1061, 105 S.Ct. 2173, 85 L.Ed.2d 490
(1985);  Lewis v. State, 664
S.W.2d 345, 349 (Tex. Crim. App. 1984); Porter v. State, 623 S.W.2d 374,
381 (Tex. Crim. App. 1981), cert. denied, 456 U.S. 965, 102 S.Ct. 2046,
72 L.Ed.2d 491 (1982).  We are unable to
reach the merits of this appeal because Valenzuela never filed a written and
sworn motion for continuance with the trial court.  The issue is overruled.








Conclusion

We therefore affirm the trial court=s judgment.

 

SUSAN
LARSEN, Justice

December 12, 2002

 

Before Panel No. 3

Barajas, C.J., Larsen, and
Chew, JJ.

 

(Do Not Publish)